UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:      ORDER OF FORFEITURE/
    - v. -                                                    MONEY JUDGMENT
:
RONALD RUEGG,
:      21 Cr. 120 (PGG)
        Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 24, 2021, RONALD RUEGG (the "Defendant"), was charged in a one-count Information, 21 Cr. 120 (PGG) (the "Information"), with narcotics distribution, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about July 2, 2021, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $5,300 in United States currency, representing any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One

of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Information;

WHEREAS, the Government asserts that $5,300 in United States currency represents proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, and any and all property used or intended to be used, in any manner or part to commit, and to facilitate the commission of the offense charged in Count One of the Information;

WHEREAS, the Government seeks a money judgment in the amount of $5,300 in United States currency, pursuant to Title 21, United States Code, Section 853, representing of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, and a property used, or intended to be used in any manner or part to commit, and to facilitate the commission of the offense charged in Count One of the Information, $1,800 of which the Defendant is jointly and severally liable with co-defendant, Michael Williams' to the extent a forfeiture money judgment is entered against Michael Williams in this case; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $5,300 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property used or

intended to be used in any manner or part to commit, and to facilitate the commission of the offense charged in Count One of the Information, $1,800 of which the Defendant is jointly and severally liable with co-defendant, Michael Williams' to the extent a forfeiture money judgment is entered against Michael Williams in this case, , shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, RONALD RUEGG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. United States Customs and Border Protection (or its designee) is authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

    7.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
   December 13, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge